**Decided February 19, 1986**

FILED
Clerk
District Court

FEB 1 9 1986

UNITED STATES DISTRICT COURT For The Northern Mariana Islands
FOR THE
NORTHERN MARIANA ISLANDS By

BANKRUPTCY DIVISION

| | | |
|---|---|---|
| In re Joyce D. Short, f/k/a<br>Joyce D. Sanders, | ) | BK No. 84-00002S |
| Debtor. | ) | DECISION AND ORDER |

Home Federal Savings and Loan Association (Home Federal), a creditor of debtor Joyce D. Short (Short), moves this Court to dismiss Short's bankruptcy petition or in the alternative to vacate the automatic stay with regards to certain real property located in Eureka, California (hereinafter mortgaged property). For the following reasons Home Federal's motion will be sustained and this petition will be dismissed.

Pursuant to a loan agreement between Home Federal and co-owners Joyce D. Short and Melvin K. Tibbet, Home Federal received a first mortgage on the subject mortgaged property on January 21, 1975. On April 4, 1984, Home Federal recorded a Notice of Default and Election to Sell under Deed of Trust. On April 11, 1984, Short filed her petition for relief under Chapter 11 of the Bankruptcy Code (Code).

Home Federal purchased the mortgaged property at a sale on December 12, 1984, and recorded a Trustee's Deed on December 28, 1984. Subsequently, on December 16, 1985, they filed this motion to dismiss or in the alternative to vacate the stay.

Upon commencement of a bankruptcy proceeding an estate is created which is comprised of all legal and equitable interests of the debtor. 11 U.S.C. § 541. Section 362, the automatic stay provision, precludes parties from initiating or continuing legal action against a debtor or its estate following the filing of a petition for relief. Specifically, § 362(a) prohibits "any act to create, perfect, or enforce any lien against part of the estate." When Short filed for bankruptcy on April 11, 1984, the mortgaged property became property of the estate. The subsequent sale of the mortgaged property on December 12, 1984, was in direct violation of § 362.

Since filing this petition on April 11, 1984, Short has never filed a list of creditors or a schedule of assets and liabilities, and to date she has failed to even propose a plan for reorganization. Section 1112 of the code authorizes the court to dismiss a petition for several reasons, two of which are inability to effectuate a plan and unreasonable delay by the debtor that is prejudicial to creditors. Both exist here.

The bankruptcy court is a court of equity. _In re Professional Sales_, 48 B.R. 651 (N.D.Ill. 1985). Pursuant to this, the court has the authority to shape relief appropriate to the case at hand. _Id._ Though Home Federal violated the stay, Short's inaction in this proceeding has resulted in prejudice to the creditors and it is in their best interests that this petition shall be dismissed.

IT IS SO ORDERED.

480

DATED this _19th_ day of February, 1986.